SAMUEL BURROUGHS, SUSAN MOULIN, PHEBE BURROUGHS, AND MATILDA BURROUGHS *against* SILAS CONDIT.

1. Under the act of 29th January, 1817, to prevent the fraudulent confession of judgments, "the affidavit to be produced to the judge before whom the judgment is confessed, need not state the true consideration of the bond." It is sufficient if it state that the true cause of action is the bond, &c.

2. It is not necessary that the bond and warrant of attorney, to confess judgment, should be given at one and the same time, and to one and the same person. It will not be error though they were given to different persons and at different times.

3. It is not necessary that it should appear upon the record, that the bond and warrant of attorney were produced before the judge at the time of entering the judgment.

4. It is not necessary that the warrant of attorney should be directed to any attorney in particular. It is sufficient if it is directed only generally to any citizen of New Jersey.

This was a writ of error to the Common Pleas of the county of Morris, brought to reverse a judgment which had been entered in that court, under the act "directing the mode of entering judgments upon bonds, with warrants of attorney, to confess judgments," passed the 9th March, 1798. *Pat. N. J. L.* 454.

The bond upon which the judgment was entered, was dated the 30th April, 1817, and was given by the plaintiffs in error, S. Burroughs, S. Moulin, P. Burroughs and M. Burroughs, to Charles Ford, for the sum of $1000, payable in five equal annual instalments of $200 each; and was, on the 14th of May, 1818, assigned to Mahlon F. Dickerson, and by him assigned on the 17th of June, 1818, to Silas Condit, the defendant in error.

The warrant of attorney, by virtue of which the judgment was confessed, bore date on the 27th of June, 1818, and was directed "to any attorney of any court of record in the state of New Jersey," (without naming any one in particular) and authorized such attorney to confess a judgment to Silas Condit, on the said bond, which had been assigned to him.

Silas Condit, at the time the judgment was confessed, produced before the court an affidavit made by himself in conformity to the first section of the. "act to prevent the fraudulent confession of judgments," passed January 29th, 1817, stating, " that the true cause of action " was a writing obligatory for $1,000, made by the defendant to Charles Ford, and assigned by him to Mahlon F. Dickerson, and by the said " Mahlon F. Dickerson assigned to the said Silas Condit; that there was *bona fide* due to him thereon, the sum of $250," and in the usual form.

The judgment was signed as of the 9th of October, 1816.

*Miller* and *Scudder*, relied upon the following errors for the reversal of this judgment:

1. That the affidavit did not set out the true cause of action; that an affidavit stating only, " that the bond was

the true cause of action, was not a compliance with the meaning of the act of the 29th January, 1817, which was intended to prevent fraud ; and that the spirit of that act would be evaded, if it was sufficient to state that the bond was the true cause of action ; " the affidavit, they contended, should have disclosed the consideration of the bond.

2. Because the bond and warrant of attorney were given at different times, and to different persons. The statute, they said, only authorized the entry of a judgment upon bonds and warrants of attorney which are given at one and the same time. The words of the statute are, " that in all cases where a bond or other obligation is given for the payment of money only, together with a warrant under hand and seal, to any attorney at law, or any other person, &c." *Pat. N. J. L.* 454. The word *together*, meant simultaneously, cotemporaneously. But here the bond was dated in 1817, and the warrant in 1818 ; the bond was given to one person, and the warrant to another.

3. Because it did not appear on the record, that the original bond and warrant of attorney were produced before the judge, at the time of entering the judgment. And according to the maxim *quod non apparet non est,* it must be presumed that the bond and warrant of attorney were not produced before the judge.

4. That the warrant of attorney was not directed to any attorney, by name.

*Frelinghuysen,* contra.

*Per Curiam.* Let the judgment be affirmed.

KIRKPATRICK, C. J. The affidavit discloses the true cause of the action, *viz :* the agreement of the party to pay. The statute of 29th January, 1817, does not require the affidavit to set forth the true consideration, but only the true cause of action. This statute is now repealed by the act of 24th

Burroughs et al. *v.* Condit.

of February, 1820. By this latter act, the true consideration of the bond is required to be stated, but not by the former.

Ford, J. There is a statute which requires that an affidavit shall be made of the cause of action, in order to hold to bail. *Pat. N. J. L.* 348. That statute is always satisfied, that by stating in the affidavit, that the cause of action is a bond of a certain date. I think, therefore, that the affidavit in this case is sufficient.